Ruth GIANFORMAGGIO (Plaintiff), Appellant,

v.

John GIANFORMAGGIO (Defendant), Respondent.

Nos. 30622, 30623.

St. Louis Court of Appeals. Missouri. Dec. 20, 1960.

294

Milton F. Napier, St. Louis, for appellant.

Champ C. Stonebraker, St. Louis, for respondent.

ANDERSON, Judge.

This is an appeal by the mother of two minor children from an order of the trial court which modified a divorce decree with respect to the custody of the two children, and increased the amount of the allowance for their maintenance and support. Appellant is Ruth Gianformaggio, who was plaintiff in the divorce proceedings. Respondent is her former husband, John Gianformaggio.

The original decree of divorce was rendered March 1, 1955. By that decree the plaintiff, Ruth Gianformaggio, was granted a divorce from her husband, together with custody of the minor children of the parties, Joy Anne, born July 7, 1945, and Anita Ruth, born November 19, 1948. An allowance of $10 a week was made for the support and maintenance of each child. The decree further provided that respondent should have temporary custody of said children on the first Saturday of each

month from 1:00 p. m. to 5:00 p. m. and the first Sunday of each month from 10:30 a. m. to 8:00 p. m.

On January 12, 1960, appellant here filed her motion to modify the decree by allowing her $25 per week for each child, instead of $10 per week, as allowed in the original decree. Her motion also prayed for an allowance of an attorney's fee.

On February 27, 1960, the respondent also filed a motion to modify the decree. In said motion it was alleged as grounds therefor:

"2. * * * that Joy Anne, born July 7, 1945, if (is) 14½ years of age and Anita Ruth, born November 19, 1948 is now eleven years of age and these children are well able to be away from their mother for a considerable period of time, and the defendant is desirous of spending more time with his daughters.

"3. That the original decree of this Court does not permit the defendant to have sufficient custody to make any definite plans for his daughters and that the daughters have expressed a desire to have more time with their father."

The prayer of respondent's motion was that he be given temporary custody of the children on alternate week-ends from 5:30 p. m. on Saturday until 8:00 p. m. Sunday, and for such further relief as the court should deem meet, just and proper.

Both motions came on for hearing on March 15, 1960, and both were by the court sustained. The decree provided that respondent should pay to appellant the sum of $20 per week for the support and maintenance of each of said minor children. Appellant was allowed the sum of $150 as and for an attorney's fee. Respondent was awarded the temporary custody of both children on the second and fourth week-ends of each month from 10:00 a. m. Saturday until 8:00 p. m. Sunday. Respondent was further allowed temporary custody for

one week during the summer vacation period.

Appellant's first complaint is that the court erred in failing to limit its judgment to the relief sought in respondent's motion. In this connection appellant points to the fact that respondent in his motion asked for temporary custody on alternate weekends from 5:30 p. m. Saturday to 8:00 p. m. Sunday, whereas the court awarded custody on the second and fourth weekends of each and every month from 10:00 a. m. Saturday until 8:00 p. m. Sunday, and for one week during the summer vacation periods. Under this state of facts appellant says the order is void because the court was without jurisdiction to grant respondent greater privileges than he had asked for in his motion.

■■ In proceedings of this character, involving the welfare of minor children, technical rules of objection of the kind here urged, should not be given serious consideration, unless the motion upon which the action is based contains no averments reasonably sufficient to invoke the jurisdiction of the court. Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458. And where an issue of custody has been actually submitted to the court by the parties, the court may award custody or change visitation rights even though no request has been made therefor by petition or motion, where the best interest of the child or children requires such action. McCoy v. Briegel, Mo.App., 305 S.W.2d 29; S— v. G—, Mo.App., 298 S.W.2d 67, loc. cit. 74. The governing rule is stated by the court in the last cited case as follows:

"Once the issue of the welfare of the child has been submitted to the court, that court must of necessity make such orders as are proper to accomplish such welfare, and technical objections in respect to pleadings on a motion to modify should not prevent a decision on the merits. Technical rules are not given serious consideration. Sanders v. Sanders, 223 Mo.App.

834, 14 S.W.2d 458. The court may award custody even though no request therefor has been made in a petition. And the books contain many cases where the court has disregarded the prayers of both parties and awarded custody in a manner not asked for by either."

■ In the case at bar there was a motion before the court requesting a change in the provisions of the decree with respect to the matter of temporary custody. At the hearing on this motion both parties were before the court, and evidence pro and con was introduced on the issue. The court, therefore, had jurisdiction to grant relief based on this evidence even though the slight modification went beyond the prayer of respondent's motion. S— v. G—, supra. We hold against appellant on this point.

■ Appellant's next point is that the court was without authority to sustain defendant's motion for the reason that said motion did not set forth facts showing a change of circumstances which would warrant a change in the custody provisions.

The motion alleged that Joy Anne was then 14½ years of age; that Anita Ruth was 11 years old; that the children were able to be away from their mother for a considerable length of time; that defendant was desirous of spending more time with his daughters; that under the terms of the original decree defendant did not have sufficient custody to make definite plans for his daughters, and that the daughters had expressed a desire to have more time with their father. No objection was made to the sufficiency of the motion prior to trial, and while said motion is not as full and specific in its allegations as might be desired, we deem it reasonably sufficient to invoke the jurisdiction of the court to try the issue of a change of the temporary custody provisions of the original decree. Sanders v. Sanders, supra; S— v. G—, supra.

It is also urged that defendant failed to show such a change of condition as would warrant the modification of the decree with respect to the custody of the children.

 At the time of the divorce defendant was living at the home of his parents, and did not have the facilities to take care of these two girls overnight, or for a more extended stay during vacation periods. Since then, he has remarried and has established his own home where he has an extra bedroom which the girls may occupy during their visits. The girls are five years older than they were at the time of the divorce and are at an age where they would, no doubt, benefit by a more extended visit with their father in his own home. We believe there was a sufficient showing of a change in circumstances which warranted the slight change which the trial court made in the custody provisions of this decree.

Appellant's next point is that the court erred in failing to award $25 per week for the support and maintenance of each child.

Appellant testified that during the year 1959 she spent the sum of $1,358.39 for the support of Joy and $956 for the support of Anita. The sums spent included a share in the amount spent for food for the family. Appellant is employed at City Hospital No. 1. Her total wage is $3,932.64. Defendant is employed as a Department Manager at Sears Roebuck. His take home pay for 1959 was $7,100.82.

The amount to be allowed for support and maintenance of a minor child or children is a matter which rests within the sound discretion of the trial court. In exercising this discretion the court must take into consideration the circumstances in each case, such as the ability of the father to pay, the needs of the child, and the means possessed by the mother. Montgomery v. Montgomery, Mo.App., 257 S.W. 2d 189. At the trial below appellant testified in detail as to the amounts spent by her during the year 1959. Defendant gave like testimony with respect to his necessary expenditures in his business, etc. We have examined all of this testimony and have reached the conclusion that the trial judge did not abuse his discretion in fixing the amount of the allowance at $20 per week for each child.

Finally it is urged that the court erred in not allowing her more than $150 for attorney's fees. This is a matter which also rests within the sound discretion of the trial court. We find no abuse of discretion here.

The judgment of the trial court is affirmed.

WOLFE, P. J., concurs.

RUDDY, J., not sitting.