**Ollie Fern WADE, Respondent-Plaintiff.,**

v.

**James Glenn WADE, Appellant-Defendant.**

**No. 24768.**

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Michael J. Trombley, Alexander, Wayland & Trombley, Columbia, for appellant.

William Brandecker, Ronald E. Smull, Columbia, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an action for divorce. Plaintiff, Ollie Fern Wade, and defendant, James Glenn Wade, were married December 15, 1956, and continued to live together as husband and wife until November 6, 1965, at which time they separated. Two daughters were born of the marriage. At the time of the trial, which was held on December 20, 1966, one was eight years of age, and the other six. Plaintiff was awarded a decree of divorce and the care and custody of the two children, and the sum of $150 per month for their support. Plaintiff was also awarded alimony in the sum of $5 per month. Defendant was allowed reasonable rights of visitation. Defendant appealed.

Defendant assigns error only to that portion of the Court's decree awarding alimony and support. These awards, defendant contends, are excessive.

Plaintiff testified that she had, at the request of her attorney, prepared a list of expenses relative to the support and maintenance of herself and the children. She testified as to the following figures: For rent, $65 per month; gas $20 per month; water, lights and sewage, $12 per month; telephone $3.13 per month; car expenses $40 per month; clothing for the whole

family, $60 per month; dry-cleaning $15 per month; baby-sitting $45 per month; food $90; dental bills $20; medical bills $25; insurance $24.55; stove payments $11.07; $40 for miscellaneous and $25 for entertainment; that the total is approximately $474.75.

Plaintiff works at the telephone office in Columbia, Missouri, and eats her lunch downtown. Both children are in school and she has to pay lunch payments for them, but the same are included in the $90 monthly estimate for food. Plaintiff earns approximately $304 per month take-home pay at the telephone company.

On cross-examination plaintiff testified that she averaged her baby-sitting bill at $45 per month; that during the school year she pays on an average of $15 every two weeks; that during the summer she pays her baby-sitter $1.50 per day for each child. Plaintiff stated that she could not tell exactly the cost of supporting the children, but could only estimate it to be a total of $265.-50 per month.

Plaintiff further testified that on December 23, 1965, the court made a temporary allowance of $175 per month for support and maintenance of herself and the children; that since that time defendant has paid by garnishment and voluntary payments $817.20, and that he is approximately $1300 in arrears; that defendant's approximate income for the year 1965 was $10,000; that he worked as an iron-worker and was paid an average of $4.70 per hour. Plaintiff stated that she felt that an allowance of $175 per month for the support and maintenance of herself and her children would be sufficient and that is what she is asking the court to award her.

Plaintiff also stated that after the court hearing for temporary support and alimony the defendant told her that he wasn't going to do iron work; that he wasn't able.

The parties own jointly their home in Columbia which is valued at $16,000, subject to a loan of $6,640. They also own jointly an automobile valued at $1100, subject to a loan of $400.

The defendant is by trade a steel worker, working with reinforcing rods, which involves bending, lifting, tying and carrying said rods. In January 1961, while working in the Panama Canal Zone as a steel worker, the defendant was injured, and had to have a disc removed in his back in June of 1961, and was thereafter off work until August of 1962. Because of this injury defendant receives disability payments from American Foreign Insurance Company, and will receive the same for approximately ten more years. These disability payments are in the amount of $49.22, and paid twice monthly. Defendant testified that he injured his back again on December 28, 1965, when he fell from a scaffolding while working as a welder. He was not hospitalized, but was under a doctor's care.

Early in the spring of 1966, defendant made application at the employment office to be retrained through the State Rehabilitation Program under the State Employment Service of the State of Missouri. At the time of the trial, defendant was enrolled in the Basic Institute of Technology in St. Louis, Missouri, studing electronics under the State Rehabilitation Program. He commenced school on December 5, 1966. He goes to school three nights a week from 6:00 o'clock in the evening until 11:00 o'clock at night. This school places students on a part-time job and defendant has requested employment on a part-time basis through this school, but has not received a job offering yet. While in school defendant is being paid a maintenance of $100 per month. The State pays this amount directly to the school for defendant's living expenses.

Defendant testified that he was making payments on the home, but was behind five or six payments. The monthly payments on said home are $78.08. The insurance payments on the home which defendant is making, and which are current, are $18.02 per month. Defendant is also paying the home utilities, which average $5 to $20 per month,

depending on winter or summer; for water $3.74 per month, and for lights $6 to $10 per month. The taxes on the home for the years 1965 and 1966 had not been paid, but defendant makes payments of $100 per month on the automobile which the parties own jointly.

Defendant worked as a car salesman in 1966. He also did some steel work. According to his testimony his income was $265 per month, not including earnings from any steel work.

No just complaint can be made as to the award of alimony, as it was only $5 per month. As to the award for child support there is no firm rule for arriving at the proper amount. Each case rests on its own facts, and lies within the discretion of the trial judge whose award will only be disturbed for manifest abuse of discretion.

The transcript shows defendant to have been somewhat evasive concerning his economic situation. There is no doubt, however, that in 1964, the last full year the parties lived together, defendant reported $9,058.49 gross income as a construction worker on his Federal and State Income tax returns, and in 1965, he reported $9,999.03. When he worked as a steel worker his wages were $4.72 to $4.90 per hour. His 1964 earnings were made on light steel work and he worked in 1966 at light steel work.

As stated, defendant was injured in 1961 and had a disc removed but claims disability to do steel work because on December 28, 1965, he was knocked off a ladder. He stayed on the job until the end of February, 1966. Subsequently he worked as a car salesman. It was not until May of 1966 that he made application for rehabilitation. Subsequent to this he did steel work for Combs Construction Company in November; for Ken Evans Construction Company in the summer; for L. G. Barkus Company in late summer; at Kaiser Refractories and for Rienhart Construction Company, the last two for two months and three days respectively, during the summer, at a wage of $5.15 or $5.20 per hour as foreman.

Defendant insists that he could only do light work. But regardless of whether he does heavy work, light work, or is the foreman, the undisputed fact is he had the proven capacity to earn about $5 per hour as a steel worker, and did so after the December 1965 injury and after applying for rehabilitation training. He is not, as his brief suggests, physically unable to work at his lifelong occupation. Furthermore, there is evidence from defendant himself that on separate occasions prior to this time he wanted to get out of this work, had considered it, but had not done so until after the divorce suit was filed.

In exercising his discretion, the trial judge most certainly considered the credibility of the witnesses. Defendant was somewhat evasive when he was cross-examined. He had no records and claimed poor memory. He relied on technical interpretation of questions. He stated he would not admit to any employment unless put to him specifically and this after claiming not to remember having worked as an iron-worker for two months.

Although the award for child support may be considered liberal under all the circumstances we are not prepared to say that the discretion of the trial court has been abused. The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.