## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Marshall Soghoian

    v.

Joyce Rigsby Soghoian

November 4, 1970

By JUDGE A. CHRISTIAN COMPTON

Following a review of the authorities, the Court has concluded that the plaintiff should not be required to give a bond at this time to secure the payment of the child support or that any other order should be made at this time to preserve his estate. Code § 20-103 and Section 20-114. While the decision upon whether such a condition should be imposed upon the plaintiff is one within the sound discretion of the Court, some assistance is found in the authorities to guide the Court in the exercise of that discretion. It has been stated that "[t]he giving of such a bond should not be required if the husband is not in default and there is no sound reason to believe that he intends to seek to avoid or evade payment." See Nelson, Divorce and Annulment (1961 rev. ed.) § 16.1-54, p. 523. The Court may properly require the husband to furnish such security where the evidence shows that he will dispose of his property or squander it so that nothing will remain on which the order of the Court can operate. 27B C.J.S., *Divorce*, § 321(3), p. 640. Where there has been an effort to hide assets and to fail to disclose income in order to keep the Court from obtaining the true facts as to the husband's financial status, a proper case is presented for the application of the statute. *Ring v. Ring*, 185 Va. 269, 278 (1946). For a case holding that the trial court abused its discretion in requiring such

security, see *Smith* v. *Smith*, 59 S.E.2d 894 (W.Va. 1950). For a case holding that the trial court did not abuse its discretion by failing to require the husband to furnish security for the payment of child support, see *Biggs* v. *Biggs*, 397 S.W.2d 337, 343 (Mo. App. 1965). See also 24 Am. Jur. 2d, *Divorce and Separation*, § 834, p. 944. In this case, even though the plaintiff plans to remain in Africa for an undetermined period of time in the future, the wife has many means available to her under the law for the enforcement of this order for child support. Moreover, the evidence in the case is that the husband fully intends to comply with the order of the Court; and while there is some evidence that, in the past, the husband has not completely fulfilled his duty of support on a regular basis, nevertheless, the evidence shows no "sound reason to believe" that he intends to violate this order of the Court.

Furthermore, at the hearing today the husband gave full and frank answers to all questions asked relating to his assets and, in addition, offered to make available to counsel for the wife a written statement showing the financial status of his locally operated business. There has been no effort to hide assets nor to cover up income as was the case in *Ring*.