Peggy Lou SMITH, Plaintiff-Respondent,

v.

Robert L. SMITH, Defendant-Appellant.

No. KCD 25989.

Missouri Court of Appeals,
Kansas City District.

Sept. 7, 1972.

Max W. Foust and Russell D. Jacobson, Morris, Foust, Moudy & Beckett, Kansas City, for defendant-appellant.

David Darnold, Pros. Atty., Nevada, for plaintiff-respondent.

WASSERSTROM, Judge.

This is an action for child support under the Uniform Reciprocal Enforcement of Support Law, Chap. 454, V.A.M.S. Plaintiff initiated the proceedings in Indiana under the reciprocal legislation of that State. The appropriate documents were certified and transmitted to the Circuit Court of Vernon County, Missouri. A hearing was held in the latter court, resulting in an order that defendant pay $30.00 monthly for the support of his minor child. Defendant appeals to this court from that order, setting forth only one point of error. That point is that the plaintiff failed to prove that defendant is an able-bodied man, capable of supporting the dependent child;

and further, that a judgment unsupported by such evidence violates his constitutional guaranties of due process and equal protection of the laws.

The evidence is undisputed. The parties were divorced in 1967. The plaintiff-wife has custody of the daughter born of that marriage, and she and the daughter now reside in the State of Indiana. Defendant suffered an accident in 1968, as a result of which he suffered a broken back, and he is now totally disabled. He has furnished no child support to the child since December 21, 1969.

Defendant receives $135.00 monthly by way of Social Security payments and he receives an additional $22.58 monthly as Workmen's Compensation. A sum equal to one-half of the amount being paid to him by the Social Security Administration, or approximately $77.00, is being paid by that agency to the plaintiff. Defendant's present wife is keeping the books for a motorcycle shop for which she is supposed to get a one-half interest, but she had not yet received any payment during the three months that the shop had been in operation to the date of the hearing in the court below.

The only issue presented to the court below was whether defendant could be ordered to pay any sum for the support of his daughter in the absence of proof showing him to be an able-bodied person. The court below refused to consider that as a necessary element of proof. Thereupon, the following exchange occurred:

"Q. . . . Well, what would you be willing to pay for support? You are going to have to pay something.

"A. Well, just whatever the Court hands down to me, if I can pay it.

"Q. Well, I'm going to make some figure that you can live with, but I want to be as fair to you and the daughter as I know how.

\*   \*   \*   \*   \*   \*

"The Court: I'm going to order that you pay Thirty Dollars ($30.00) a month.

That is a dollar a day. That is about as low as I can go."

I

The only real issue in this case is the nature and extent of a father's obligation to support his child under the Uniform Reciprocal Enforcement of Support Law. With respect to this matter, the only definition contained in the statute itself is § 454.020(6), which provides:

"*'Duty of support'* includes any duty of support imposed or imposable by law . . . ."

This definition clearly is not intended to create any new duty, but rather adopts existing legal duties. This view is adopted in 23 Am.Jur.2d, "Desertion and Nonsupport," § 131, p. 1004, as follows:

"The Uniform Reciprocal Enforcement of Support Act does not attempt to dictate to the states what duties of support shall be enforced, but the enforceable duties of support under the act are those presently existing under the various states. It has been held that the laws of the responding state, in which the person allegedly owing the duty of support resides or is found, control in determining the duty of support. The Uniform Civil Liability for Support Act, which has been adopted in some jurisdictions, defines the duty of support owed to a parent, wife, husband, or child. In other jurisdictions, such duty is defined under other statutory provisions and common-law principles."

The same interpretation was adopted by the Missouri Supreme Court in Ivey v. Ayers, Mo.Sup., 301 S.W.2d 790, 1. c. 795, where the Court construed the similar predecessor Uniform Support of Dependents Law as follows:

"The Missouri Act does not impose a duty on the father to support a minor child. It provides the procedure for enforcing an otherwise existing duty. Section 454.070. See also an excellent dis-

cussion of this question in an article by Blue and Caselman, The Missouri Reciprocal Uniform Support of Dependents Law, 20 U. of Kansas City L.Rev. 164.

\* \* \* \* \* \*

"It has long been the rule in this state that a father has the duty to support his minor children. Wrigley v. Wrigley, 345 Mo. 207, 132 S.W.2d 989; Robinson v. Robinson, 268 Mo. 703, 186 S.W. 1032; In re Scarritt, 76 Mo. 565, 43 Am.Rep. 768; Semon v. Illgenfritz, 223 Mo.App. 546, 15 S.W.2d 912; Worthington v. Worthington, 212 Mo.App. 216, 253 S.W. 443. We know of no reason why this duty does not extend to a minor child across a state line. Certainly the humanitarian reasons giving rise to this duty would not support defendant's contention. The duty of a father to support his minor children is frequently enforced by a court granting a divorce to the parents, and the procedure provided for in the uniform reciprocal support of dependents laws is designed to afford an additional means of enforcing that duty, whether or not the parents are divorced, when the father is in a state different from that of the minor child. Section 454.030."

To ascertain the nature and extent of the defendant's obligation in the present proceeding we therefore must resort to the common law principles governing the parent's duty of support. These principles are well summarized in McCann v. McCann, Mo.App., 448 S.W.2d 323, l. c. 325:

"The amount to be awarded as child support is a matter resting in the sound discretion of the trial court. That award will not be disturbed except for a manifest abuse by the court of its discretion. The only question before us is whether or not that discretion has been abused. That is the extent of our review of such matters. Royster v. Royster, Mo.App., 420 S.W.2d 1, 4; Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354, 359. Neither can the proper amount to be awarded be determined by an invariable rule. Judicial precedents help to provide guidance, but each case must rest on its own facts and circumstances. 1 A.L.R. 3d 382, 392-393; Wade v. Wade, Mo. App., 429 S.W.2d 317, 319. The primary duty of the father to support his minor children and to provide for their reasonable needs is derived from the common law, is based upon statute and is an expression of sound public policy. Lodahl v. Papenberg, Mo.Sup., 277 S.W.2d 548, 551, and In re Scarritt, 76 Mo. 565, 584. The two correlative considerations which, generally, govern the amount to be given in support of minor children are the ability of the father to pay and the needs of the children. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, 197; Gianformaggio v. Gianformaggio, Mo. App., 341 S.W.2d 293, 297. When assessing these considerations, the courts have generally devoted substantial attention to the issue of the necessary living expenses of those involved."

The trial court, as shown by the exchange hereinabove quoted which occurred at the hearing, made a conscientious effort to weigh and balance the needs of the minor child against the admittedly meager resources of the defendant-father. It would appear on the basis of the skimpy record before us that the order made was within the permitted discretion of the trial court. However, we are not called upon and we make no ruling with respect to the propriety of the precise amount which defendant has been ordered to pay. This is for the reason that he did not object in the court below and he does not object now with respect to what the precise amount should be. Rather, his objection has been and continues to be much more far reaching, in that he challenges the right of the court below to make any allowances whatever.

■■ The defendant's theory in this regard is that plaintiff should be required to prove as part of her case that defendant is able-bodied. He seeks support for this

conclusion in the requirements to this effect which the courts make under the criminal child support statute, § 559.353 V.A.M.S. Inasmuch as that section requires that the failure to support must be "without good cause", in prosecutions thereunder the state is required to prove that the defendant is physically able to provide for the child. State v. Akers, Mo.App., 287 S.W.2d 370; State v. Arnett, Mo.App., 370 S.W. 169; State v. Davis, Mo.Sup., 469 S.W.2d 1.

The rule pertaining to such a criminal prosecution is not applicable here. Proceedings under the Uniform Reciprocal Enforcement of Support Law are basically civil in nature, although certain limited phases have criminal aspects. 23 Am.Jur. 2d, "Desertion and Nonsupport", § 128, p. 1002, and § 150, p. 1011. The criminal aspects relate to arrest where necessary to prevent fleeing from the jurisdiction, § 454.160, and the use of extradition, § 454.060. Neither of those sections is involved here. For all present purposes, the proceedings against defendant are purely civil. Therefore, standards applicable to criminal cases are not appropriate here.

Defendant argues that his physical condition must be considered as an element to be proved by plaintiff, because her complaint alleges that "Defendant is an able-bodied person". The obvious reason for this allegation is that whoever prepared the document used a standard form containing that routine phraseology. The allegation can and should be disregarded here as mere surplusage. See Ivey v. Ayers, Mo. Sup., 301 S.W.2d 790, dealing with a similar problem and reaching a similar result.

## II

Defendant's constitutional argument can be disposed of summarily. If defendant were serious in this contention he should have addressed it to the Supreme Court, not to this Court, which does not have jurisdiction of such an issue. In any event, the constitutional argument is merely colorable and presents nothing of substance. The question presented in this case is not the construction of the constitution, but only a determination of what constitutes the necessary elements which must be proved under the Uniform Reciprocal Enforcement of Support Law. See St. Louis County Transit Co. v. Division of Employment Security, Mo.Sup., 456 S.W.2d 334, l. c. 338.

The judgment is affirmed.

All concur.