**Barbara Jean FUGATE, Respondent,**

v.

**Donald Lavaughn FUGATE, Appellant.**
**No. KCD 26845.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Joseph Y. DeCuyper, John E. Chick, Jr., Snowden, Crain & DeCuyper, Kansas City, for appellant.

R. Brian Hall, Hall, Krebs & Coleman, Gladstone, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

On March 12, 1973, appellant, Donald Lavaughn Fugate, filed a motion in the Circuit Court of Clay County, Missouri, to reduce the child support provisions of a decree of divorce entered against him on November 6, 1969. The divorce decree granted custody of appellant's three minor children (now in their teens) to the respondent, and ordered appellant to pay $75.00 per week for their collective support. The appellant claimed in his motion that there had been a change in conditions since the divorce in that he had moved from Kansas City to a rural area, and that due to his present employment his earning power had substantially decreased. He prayed the court to reduce the support payments to an amount consistent with his

present earnings. The trial court held a hearing on the motion on May 18, 1973. The motion was denied, and this appeal was duly taken.

At the hearing, it was brought out that at the time of the divorce, appellant was employed by Proctor & Gamble and was making between $13,000.00 and $15,000.00 per year. He voluntarily left that job in July, 1972, because he did not want to work night shifts, and because he wanted to get out of the city and live on a farm. He moved to Eldorado Springs, Missouri, where he bought a $23,000.00 farm. He secured employment there at a local factory where his average weekly wage was $100.00. He left that job sometime in May, 1973, because of harassment over a garnishment of his wages and, as he stated, "I couldn't see any future working there and giving somebody every penny I make, because I have got to eat, too." At the time of the hearing, appellant, an able-bodied man, was working at odd jobs on local farms in the Eldorado Springs area.

The evidence showed that appellant had $1000.00 equity in the farm, owned three resort cabins at Sunrise Beach, Missouri, worth approximately $20,000.00, which were producing $1200.00 per year in rentals, and he also owned $5000.00 worth of stock in Proctor & Gamble, a compressor worth $1226.00, and a pump and trailer which he used in his basement waterproofing business, and had recently purchased a $2000.00 1973 Ford pickup truck. The evidence also brought out that he was building a house on the farm and had sold some of his Proctor & Gamble stock to finance its construction. He had remarried and his present wife was working.

Even though the divorce decree ordered the payment of $75.00 per week for child support, appellant paid only $60.00 per week. In the first part of February, 1973, he ceased making any payments. In April, 1973, appellant sent respondent a $400.00 check to cover some of the past due child support.

The respondent testified that it cost $41.-11 per week per child to raise the children, and that this figure did not include any spending money she gave them. She opposed the appellant's motion and asked the court to continue the $75.00 per week figure.

Although appellant makes three points on appeal, his position may be adequately presented in a single sentence. His argument is that his reduced income is a substantial changed condition warranting a reduction in his child support obligation, and the fact that this changed condition was voluntarily assumed is of no importance.

■ To adopt appellant's position would be to say that the court can only look to the present income of the father when determining the proper amount of child support. Such is not the law, for the present income of the father is not the sole determinant.

■ The duty of the court in setting the amount of child support is to determine the reasonable needs of the children and the reasonable ability of the father to meet those needs. McCann v. McCann, 448 S. W.2d 323 (Mo.App.1969); Gianformaggio v. Gianformaggio, 341 S.W.2d 293 (Mo. App.1960). In determining the reasonable ability of the father, it is proper to consider his *capacity to pay,* and where he has voluntarily reduced his income, as here, both his present and past earnings are evidence of that capacity. Weiss v. Weiss, 392 S.W.2d 646 (Mo.App.1955). Furthermore, in determining the proper amount of child support, courts traditionally have considered the entire circumstances of the father, and not just his income. Hence, the consideration of the father's assets, other than his income, is a proper consideration. See Houston v. Snyder, 440 S. W.2d 156 (Mo.App.1969); Biggs v. Biggs, 397 S.W.2d 337 (Mo.App.1965).

■ The amount determined is a matter resting in the sound discretion of the trial court, and we review the record only

to determine whether or not that discretion has been abused. Bryan v. Bryan, 452 S. W.2d 293 (Mo.App.1970); Wade v. Wade, 429 S.W.2d 317 (Mo.App.1968). Such an abuse of discretion must be based upon an erroneous finding and judgment which is clearly against and contrary to facts or the logical deductions from the facts and circumstances before the court, and which works an injustice. Biggs v. Biggs, supra. On this record, we find no such abuse of discretion.

The judgment is affirmed.

All concur.