Carol Ellis **MURRAY,**
**Petitioner-Respondent,**

v.

Kenneth Dale **MURRAY, Appellant.**

**No. 37076.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 13, 1976.

Motion for Rehearing or Transfer to Court En Banc or Transfer to Supreme Court Denied July 8, 1976.

Gene Pepka, Vatterott, Shaffar, Dolan & Pepka, St. Ann, for appellant.

Alan L. Lake, William G. O'Donnell, Clayton, for petitioner-respondent.

PER CURIAM.

After eighteen years, the marriage of Carol Ellis Murray and Kenneth Dale Murray was terminated by a decree of dissolution entered by the Circuit Court of the City of St. Louis. Carol Murray was awarded custody of the three children, $54.00 per week child support, $50.00 per week maintenance, and the marital home valued at approximately $18,500, on which was still owed $5,500.00. The respondent in the dissolution case, Kenneth Murray, appeals contending that the trial court abused its discretion in making its award for the reason that "the court did not consider the ability of the appellant to pay."

Our review is governed by Rule 73.01(3), which directs us to review the case upon both the law and the evidence, giving due regard to the trial court to judge the credibility of the witnesses. If we believe that the trial court erred in its decree, it is our duty to enter such judgment as the trial court should have entered. *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App. 1975). It is our duty to review all of the evidence and reach our own independent conclusions as to the proper judgment to be entered. *In re Marriage of Powers*, supra, 527 S.W.2d at 954. But the determination of a division of property and the financial obligations of the parties is a matter resting in the sound discretion of the trial court, and we review the record only to determine whether or not that discretion was abused. *Fugate v. Fugate*, 510 S.W.2d 705, 706–707 (Mo.App.1974).

We have read the entire record, the briefs of the parties and the authorities relied upon and conclude that (1) the decree rendered by the trial court was not erroneous, (2) the trial court acted within its discretion in a difficult situation between the parties of limited means,[1] (3) the court considered the ability of the appellant to pay, and (4) a lengthy opinion would have no precedential value; hence, we affirm the judgment.

Although an award should not be imposed beyond the husband's ability to pay, *McM. v. McM.*, 506 S.W.2d 14, 16 (Mo. App.1974), there are other factors to be taken into consideration under the Dissolution Law §§ 452.340(6) [child support]; 452.-330–1(3) [marital property]; 452.335–2(6)

---

1. The husband at the time of trial earned $200.00 per week net. From that was deducted $35.00 a week for a credit union loan. He was ordered by the decree to pay $54.00 per week for support and $50.00 per week maintenance, leaving $61.00 per week.

Mrs. Murray, under the decree, is to receive $50.00 per week maintenance, $54.00 per week for support, and she received $53.00 per month from welfare. She received the home, but she is responsible to pay $75.00 per month on the debt on the home. The wife, therefore, excluding child support, receives $62.33 per week.

[maintenance]. "The reasonableness of allowances . . . is determined by the financial condition of the husband-father at the time the award is made," but "both his present and past earnings are evidence of such capacity." *Page v. Page*, 516 S.W.2d 537, 540 (Mo.App.1974). The determination of the amounts awarded for support and maintenance and the division of marital property rests in the sound discretion of the trial court, and that discretion is not to be set aside unless abused. *In re Marriage of Heddy*, 535 S.W.2d 276 (Mo.App.1976); *Larison v. Larison*, 524 S.W.2d 159, 161 (Mo.App.1975); *Biggs v. Biggs*, 397 S.W.2d 337, 343 (Mo.App.1965). "Such an abuse of discretion must be based upon an erroneous finding and judgment which is clearly against and contrary to facts or the . . . circumstances before the court . . . ." *Fugate v. Fugate*, supra, 510 S.W.2d at 707. We find no abuse of discretion here. Rule 84.16(b).

The judgment is affirmed.

All the Judges concur.