**Rita Joan LANTZ, Appellant,**

v.

**John Terrell LANTZ, Respondent.**

No. 42438.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 10, 1981.

Robert O. Appleton, Jr., Clayton, for appellant.

Theodore S. Martin, Clayton, for respondent.

PUDLOWSKI, Presiding Judge.

Appellant, Rita Lantz, filed an action for dissolution of marriage. Respondent, John

Lantz, cross-claimed for dissolution. The trial court dissolved the marriage and entered a judgment which awarded appellant custody of their daughter, child support, attorney's fees and divided the marital property. As part of the division of marital property the court ordered that the couple's residence be sold and the proceeds equally divided.

■ Appellant's first point attacks the award of $55 per week for child support. Appellant claims such a trifling amount is shockingly inadequate. Uncontradicted evidence showed that $150 per month was required to pay for counseling which the child was undergoing. Hence, only $70 per month was left to satisfy all the child's other needs. Appellant recognizes that the determination of the proper amount of child support is a matter resting within the sound discretion of the trial court. Thus, ". . . we review the record only to determine whether or not that discretion has been abused." *Fugate v. Fugate*, 510 S.W.2d 705, 706–707 (Mo.App.1974). Further, because this was a court tried case the decree of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or erroneously applies the law. Also, due regard will be given to the opportunity of the trial court to judge the credibility of the witnesses. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Rule 73.01.

■ In this case the record does not establish that the trial court has abused its discretion. At the time of trial, appellant and respondent were both teachers. Appellant earned approximately $16,000 per year and respondent $25,600. The trial court awarded appellant, the custodial parent, approximately $50,000 as her share of the proceeds to be derived from the sale of the family home. Before making his order the trial court heard testimony on the likely duration of the counseling services needed by the minor daughter. We cannot say that an award of over $220 per month for child support was inadequate in light of the financial resources of the parties, the needs of the minor child, and the father's primary duty of support. Appellant avers in her brief to respondent's marital misconduct as a reason for a more generous child support award. However, § 452.340 RSMo 1978, clearly states any alleged marital misconduct is not to be considered in determining the amount of child support. This point is ruled against appellant.

■ Appellant's second allegation is that the trial court erred in ordering the family residence to be sold and the proceeds divided equally between the parties.[1] Appellant alleges that the trial court did not consider the conduct of the parties and the desirability of awarding the family home or the right to live therein for reasonable periods to the custodial spouse. Appellant contends that had the trial court considered these factors she would have been awarded the home. We do not agree. After considering the contributions of both parties to the acquisition of the marital residence, the parties economic circumstances, the desirability of awarding the family home to the custodial parent, and the conduct of the parties during the marriage, we cannot say that the trial court abused its discretion in ordering the home sold and the proceeds divided. § 452.330.1 RSMo 1978.[2]

Affirmed.

WEIER and GUNN, JJ., concur.

1. Appellant was awarded $4,000 out of the proceeds for amounts borrowed from her retirement plan. Appellant's attorney was awarded an amount to be paid by respondent for his services.

2. Section 452.330.1, provides that the trial court "shall divide the marital property in such proportions as the court deems just after considering all relevant factors including: (1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; (2) The value

of the property set apart to each spouse; (3)
The economic circumstances of each spouse at
the time the division of property is to become
effective, including the desirability of awarding
the family home or the right to live therein for
reasonable periods to the spouse having custo-
dy of any children; and (4) The conduct of the
parties during the marriage."