Betty L. COTTRILL, by her Next Friend,
Morris Conway, Plaintiff-Respondent,

v.

Donald COTTRILL, Defendant-Appellant.

No. 23934.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Kranitz & Kranitz, St. Joseph, Jay Macey Rosenblum, Kansas City, for appellant.

Grace S. Day, St. Joseph, for respondent.

SPERRY, Commissioner.

Betty L. Cottrill, by her next friend, Morris Conway, filed her petition praying to be divorced from the bonds of matrimony theretofore contracted with defendant, Donald Cottrill. From an order and judgment sustaining plaintiff's motion for attorney's fees and for maintenance and support of the children, defendant appeals.

Plaintiff was nineteen years of age when the petition was filed, in May, 1963. She alleged that the parties were married December 8th, 1957; that three children were born of the marriage; that defendant argued with her and struck her; that he had been "in considerable trouble with the law." She prayed to be divorced from defendant, for a judgment for alimony, attorney fees, and for support and maintenance of the children.

Defendant answered. He admitted the marriage and denied all other allegations. He also filed cross bill wherein he prayed for a decree of divorce. He admitted the birth of three children, naming them. He alleged marital misconduct by plaintiff; that he had been charged with commission of a felony, and would thereby be committed to a penal institution for a term of years; and he alleged that he was then unable to care for the children and that plaintiff was unfit to have custody of the children. He prayed that the children be placed in the custody of persons qualified to properly care for them.

Plaintiff filed motion alleging that she was without means for the prosecution of her suit or for defense on defendant's cross bill. She prayed for an order granting her temporary maintenance and support for herself and the children and for attorney fees.

A trial was had on the motion and plaintiff testified to the effect that defendant was then confined in jail, in Kansas City; and that she was without money, financial resources, or income for support of herself and children, or for attorney fees.

Defendant testified to the effect that he was twenty one years of age; that he was, at that time, confined within the Jack-

son County Jail, at Kansas City, Missouri; that he had been so confined for a period of about forty five days; that he was awaiting trial on a felony charge; that he had no income or financial resources; that, prior to his arrest, he had been employed and had earned eighty dollars per week; that a relative had paid his attorney fees in the criminal case. It was agreed that he was charged with assault with malice and intent to kill, and with robbery with a deadly weapon.

The Court awarded plaintiff the sum of $200.00 for temporary attorney fees, and $20.00 per week for maintenance and child support.

In Lampman v. Lampman, Mo.App., 367 S.W.2d 28, 30, the Court held that a refusal to grant alimony in that case could only be justified on the grounds that the husband was unable to work due to ill health and accident, and said: "But to deny alimony altogether would forever foreclose the court from making any allowance thereafter, even though the plaintiff's financial condition should improve to such an extent that he could and should contribute toward defendant's support." It was held to be an abuse of discretion for the trial Court to refuse to make an allowance for alimony and, also, attorney fees.

In the case at bar, defendant has not yet been convicted. If he is convicted, he may be paroled. Eventually, he may be able to earn money with which to pay the attorney fee and maintenance, as ordered.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.