Richard James WEISS, (Plaintiff) Appellant,

v.

Marlene M. WEISS, (Defendant) Respondent.

No. 31880.

St. Louis Court of Appeals.

Missouri.

June 15, 1965.

Rehearing Denied July 13, 1965.

David J. Kueter, Florissant, for plaintiff-appellant.

Gragg, Aubuchon & Walsh, Harold S. Goodman, St. Louis, for defendant-respondent.

JAMES D. CLEMENS, Special Judge.

In this divorce action the plaintiff-husband appeals, claiming excessive allowances to the defendant-wife. A divorce was granted to her and she was allowed $35 weekly alimony, $15 weekly support for each of five small children, and $500 for her attorney's fee.

With commendable frankness, plaintiff in his brief concedes the defendant's need for the $110 weekly allowance to meet the reasonable expenses of maintaining herself and the children. He urges that the amount is unreasonable in view of his earnings.

Plaintiff's first point is that the trial court erred in admitting and considering evidence of earnings from a previous employment. Until three weeks before trial plaintiff had been steadily employed, earning an average net weekly wage of about $170. He became dissatisfied and took another job, earning an average net weekly wage of about $132.

■ Plaintiff relies on a statement by this court in Schwent v. Schwent, Mo.App., 209 S.W.2d 546. There, the husband's wages had been involuntarily reduced, and in affirming the award of alimony we ruled that the trial court should not have disregarded present earnings and based its award solely on gross earnings of a previous year. But, in that case and in others cited by both parties, it is held that the proper yardstick to measure the adequacy of marital allowances is the husband's *capacity* to pay. Both his present and past earnings are evidence of that capacity. Compare Cottrill v. Cottrill, Mo.App., 379 S.W.2d 60, where an able-bodied husband had neither income nor property. Here, the husband voluntarily reduced his earnings on the eve of the trial. It is not improper to measure his capacity to support his family by his former earnings.

Defendant testified to weekly personal expenses of approximately $50, and also to weekly payments of some $25 on short-term loans, which by now have or should have been paid. Thus simplified, the plaintiff has an earning capacity of $170 per week, and the trial court allowed $110 weekly for the support of the defendant and five children, leaving $60 for the plaintiff's weekly expenses. Plaintiff had some $300 in the bank, and he owned an automobile and half the $5,000 equity in the parties' home.

■ This case presents an all too common dilemma. Here a young couple is in debt even while living under one roof. Then they establish separate homes, each employs counsel, and they embark on a voyage of protracted litigation. They then ask a court to tell them how they should divide their inadequate resources to meet their increased expenses. In the trial below the learned trial judge asked the plaintiff if this suit might be a luxury which he could hardly afford, and the plaintiff acknowledged that it was. He now asks us to rule that the trial court's judgment for support was clearly in error. (V.A.M.R. Civil Rule 73.01(d)). We do not so consider it.

■ Plaintiff also challenges the allowance of $500 for defendant's counsel. The evidence was that he had numerous conferences and phone calls with her. He prepared an answer and cross-bill. A day was spent in court on the motion for temporary allowances. There were several extended negotiations with the parties and counsel on an abortive property settlement. Depositions were taken. Her counsel prepared for and tried the case on the merits of the cross-bill. His estimated time was 30 to 35 hours, and there was evidence that the reasonable value of his services was $700. Thus, all the facts concerning the legal services rendered and the financial condition of the parties were before the trial court. It is not without significance that the expenses were necessitated by the plaintiff instituting this action and compelling defendant to employ counsel to establish that she, not he, was the innocent and injured party and was in need of the court's

decree to support herself and their five children. Although the award may be considered liberal in view of the plaintiff's limited capacity to pay, we cannot say the discretion and responsibility of the trial court has been abused.

The trial court's judgment is considered proper, and should be affirmed. It is so ordered.

ANDERSON, Acting P. J., and RUDDY, J., concur.