Jane R. WOODWARD, Appellant
(Plaintiff below),

v.

Wayne B. WOODWARD, Sr., Appellee
(Defendant below).

No. 3587.

Supreme Court of Wyoming.

June 6, 1967.

Robert L. Duncan, Cheyenne, for appellant.

Walter C. Urbigkit, Jr., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

Upon granting plaintiff below a decree of divorce from the defendant, the court awarded plaintiff custody of three minor children of the parties, subject to the father's visitation rights, and the defendant father was required to pay to plaintiff $50 per month per child for their support.

The plaintiff has appealed from the award for the children's support, contending the court abused its discretion by failing to require the defendant father to pay $375 per month for the children's support.

At the trial there was gross conflict in the evidence, the plaintiff attempting to show that defendant's earning capacity was $1,500 per month. This was based upon testimony that prior to the divorce proceedings the defendant was president of a family-owned engineering firm, of which he was the sole employee except for clerical help, and had paid himself at the rate of $1,500 per month but that when the divorce action was instituted the defendant reduced his salary to $400 per month.

However, evidence on defendant's behalf, which the court was entitled to accept, showed that, although defendant had paid himself the high salary, the company operated at a substantial loss, and the defendant had assigned all his stock to his creditors; that his health had failed due to a thyroid condition which necessitated his limiting his working to part time employment; that he was no longer the president of the company; and that the reduction in his salary was not due solely to his health condition, but also to the lack of business the company had and its inability to pay the larger salary. The evidence further showed that due to defendant's changed financial and health conditions he had to live at his office as he could not afford to rent other living accommodation.

In support of her contention, the appellant cites Annotation 1 A.L.R.3d 382, 406, which is a text statement that courts give substantial consideration to the income which the father has been earning. But this text also points out that courts may also inquire how much the father is likely or capable of earning during the present

or immediate future and may conclude his earning capacity is less than previous earnings.

Also cited by appellant is Weiss v. Weiss, Mo.App., 392 S.W.2d 646, 647, which says the proper yardstick is the capacity to pay from both present and past earnings.

Appellant quotes largely from Jackman v. Short, 165 Or. 626, 109 P.2d 860, 864, 133 A.L.R. 887, which merely points out that wives are frequently without the same ability as husbands to familiarize themselves with the earning power of the husband.

Further quote from 24 Am.Jur.2d, Divorce and Separation, § 839, p. 952, is offered as showing what the court may consider, and finally appellant quotes from Knutson v. Knutson, 15 Wis.2d 115, 111 N.W.2d 905, 907, which points out that the father may not wilfully choose to retire from gainful employment.

Conceding that all appellant's references are valid statements of the law, their applicability in the present case is lacking because in the face of conflicting evidence the trial court has found that, due to no fault or choice of his own, the father of the children does not now have an earning capacity or income sufficient to enable him to pay more than the amount required by the court's decree.

There are two other matters which deserve comment.

First, the plaintiff mother herself is shown by evidence to have a considerable earning ability and she as well as the father is charged with the duty and responsibility of providing for her minor children.

Secondly, should the future earning capacity and ability of the father be bettered, either by improvement in his health or through his securing of more remunerative employment or additional estate, the door remains open to show such changed condition, and modification of the court decree may be had.

The law never intends to require the impossible, and an award without ability to pay would have been a fruitless gesture which could not inure to the benefit of the minor children whose welfare is of primary concern to courts.

The decree appealed from is affirmed.

Affirmed.