D__ M__ S__, Plaintiff-Appellant,

v.

P__ E__ S__, Defendant-Respondent.

Nos. KCD 27041, KCD 27024.

Missouri Court of Appeals,
Kansas City District.

Aug. 4, 1975.

Dean F. Arnold, Donald E. Raymond, Kansas City, for appellant, D__ M__ S__.

S. Preston Williams, David Lee Wells, North Kansas City, for respondent, P__ E__ S__.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PER CURIAM.

Both the husband and the wife have appealed from a judgment entered by the trial court awarding the wife a divorce on her cross-petition, alimony in the sum and amount of $1,000.00 per month, custody of three minor children born of the marriage, child support in the sum and amount of $650.00 per month for each child, an attorneys' fee of $10,000.00 (with $2,500.00 previously paid by the husband to be credited thereon), and fixing visitation rights of the husband with respect to the children. The legal propriety of awarding the wife the divorce is not questioned on appeal.

The major issues raised by the respective appeals may be rhetorically described as emanating from frustrated expectations. The husband expected to pay less alimony, child support and attorney fees than was awarded by the court and complains on appeal that they were excessive. The wife expected to receive more and complains on appeal that they were inadequate. Additionally, the husband attributes error to the trial court for not ordering the wife to render to it a yearly accounting of the amounts to be paid by the husband to the wife for child support, and the wife attributes error to the trial court for fixing too short a notification period regarding the husband's exercise of his visitation rights and in not requiring him to keep the children for the entire visitation period.

Appellate review of this case is prescribed by paragraph 3 of Rule 73.01, V.A. M.R.

"3. On appellate review:

(a) The court shall review the case upon both the law and the evidence as in suits of an equitable nature.

(b) Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses."

The pertinent provisions of Rule 73.01 are far more perspicuous than either of the parties have been willing to concede. On appeal due deference is given to the trial court's findings and conclusions unless the evidence is "palpably insufficient" to support them, R. L. S. v. J. E. S., 522 S.W.2d 5, 6–7 (Mo.App.1975), and to its assessment of the credibility of the witnesses, Boyd v. Boyd, 459 S.W.2d 8 (Mo.App.1970).

The record before this court is rife with conflicting evidence as to the husband's net

worth and a tone of disparity pervades the record as to the needs of the wife and children to maintain their accustomed standard of living when viewed from the opposing vantage points of the husband and wife. Nevertheless, certain evidence stands uncontradicted. In 1971, the husband had an adjusted gross income of $111,217.02, resulting in a "spendable income" of $60,228.19, in 1972, he had an adjusted gross income of $100,993.71, resulting in a "spendable income" of $60,813.77, and in 1973, the year the divorce was tried, the husband was receiving a monthly salary, after taxes, of "$4,200.00 to $4,300.00". Also standing uncontradicted is the fact that a "one man corporation" owned and controlled by the husband paid $25,666.10 in 1971 and $23,866.19 in 1972 into a "pension and profit sharing plan" for his benefit.

■ A careful review of the record in its entirety, in spite of warring claims of inadequacy and excessiveness, reveals that the amounts awarded for alimony and child support were not so excessive, when gauged by established tenets [*Brosam v. Brosam,* 437 S.W.2d 694 (Mo.App.1969) and *Weiss v. Weiss,* 392 S.W.2d 646 (Mo.App.1965)], nor so inadequate, when gauged by established tenets [*Biggs v. Biggs,* 397 S.W.2d 337 (Mo. App.1965)], as to constitute an abuse of discretion on the part of the trial court; nor can it be said that the evidence upon which such awards were predicated was "palpably insufficient" to support them. The ability of the husband to pay, the needs of the wife and children, their accustomed standard of living and station in life, collectively weighed, are not inconsistent with the concededly substantial amounts awarded by the trial court for alimony and child support. The record further reveals that the amount awarded by the trial court for attorney fees is commeasurable with the guidelines set forth in *Johnson v. Johnson,* 481 S.W.2d 543 (Mo.1972). The husband would have this court review the awarded amounts outside the periphery of fixed and tested principles of law simply because of their size and the wife would have the court

do likewise simply because of the husband's substantial income and the net worth she attributes to him. This court is unwilling to cast aside established and controlling principles of law and decide this case in a vacuum as each of the parties would apparently have it do.

■ Without benefit of established precedent or direct case authority, the husband faults the trial court for not ordering the wife to render a yearly accounting to it concerning the amounts to be paid to her for child support. This point is without merit. To impress a continuing duty upon the already overburdened trial judges of this state to constantly monitor the expenditures of funds awarded for child support would be a specious requirement for at least two reasons. One, it would require them to summarily anticipate abuses by a wife respecting such awards; two, it is unnecessary because of a viable remedy for abuses in fact by way of a motion to modify.

Regarding the wife's complaint as to a lack of specificity concerning the husband's visitation rights with the children, the trial court's order respecting same, in light of the record, was not erroneous and therefore will not be disturbed on appeal. *Ramos v. Ramos,* 232 S.W.2d 188, 198–199 (Mo.App. 1950). Again, a viable remedy is available by way of a motion to modify if the lack of specificity becomes a source of serious friction.

Judgment affirmed.