**Ingrid D. MOROVITZ, Petitioner,**

v.

**Ronald L. MOROVITZ, Appellant.**

**No. 43100.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 6, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
June 14, 1982.

212 ■

---

Douglas L. Levine, Maryland Heights, for appellant.

Daniel C. Aubuchon, Warren W. Friedman, St. Louis, for petitioner.

CLEMENS, Senior Judge.

Appeal by husband from an order to pay his wife's attorney a $1,500 fee.

Petitioner Ingrid Morovitz sued Ronald Morovitz to dissolve their marriage. After a contested trial the court found the marriage was not irretrievably broken. Neither party now challenges that ruling. However, the trial court did award wife's attorney a $3,000 fee, half to be paid by husband, and he appeals.

The wife earned about $650 a month from which she paid travel and maintenance for herself and the parties' two children.

The husband contends here there was no evidence of his ability to pay the challenged fee. Husband was an engineer with graduate degrees. For four years he had earned $17,000 a year but quit his job when his wife filed for divorce; he has worked sporadically since and draws unemployment compensation.

By Section 452.355, RSMo. 1978 a trial court shall consider all relevant factors and has broad discretion in awarding attorney fees. *Larison v. Larison*, 524 S.W.2d 159[11–13] (Mo.App.1975).

In the closely parallel and frequently quoted case of *Weiss v. Weiss*, 392 S.W.2d 646, 647[1, 2] (Mo.App.1965), the husband—as here—voluntarily reduced his earnings before trial. We upheld the challenged allowance of attorney's fee, holding: "The proper yardstick to measure the adequacy of marital allowances is the husband's *capacity* to pay. Both his present and past earnings are evidence of that capacity." To the same effect see *Foster v. Foster*, 537 S.W.2d 833[2] (Mo.App.1976).

We hold the trial court did not err in granting the challenged attorney fee allowance.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.