**Katherine L. JACKSON,
Petitioner-Respondent,**

v.

**O. Lester JACKSON,
Respondent-Appellant.**

**No. 45452.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

See also, Mo.App., 655 S.W.2d 787.

Joseph P. Sommer, St. Louis, for respondent-appellant.

W. Dudley McCarter, St. Louis, for petitioner-respondent.

CLEMONS, Senior Judge.

Husband O. Lester Jackson appeals from the dissolution decree as to monetary relief granted his wife Katherine Jackson. The challenged decree was based on an evidentiary hearing from which husband was excluded. This, pursuant to the trial court's orders twice finding husband in contempt, and striking his cross-claim.

By husband's amended points relied on he twice challenges the decree. First because the trial court erred in barring husband's counsel from presenting evidence. Second because the amount of monetary relief granted wife is excessive.

The wife's substantive testimony: During the last twelve years of the 20-year marriage husband became an alcoholic; he was frequently long absent from the home; he regularly abused her physically and verbally and threatened to kill her. Upon the separation husband gave up lucrative employment and moved to North Carolina, virtually unemployed. Wife had supported herself and three sons by a low paying job and relying on financial help from her parents, neighbors and church.

As said the trial court twice found husband in contempt. First because husband failed to pay child support pendente

lite and next because husband failed to appear for taking his deposition. He also failed to answer duly served interrogatories. Husband's counsel excused these offenses by contending husband lived far away and could not afford to appear.

The trial court ordered husband's pleadings stricken as authorized by Rule 61.-01(b)(1) and husband did not seek relief available by Rule 56.01(c)(2). He was also barred from presenting evidence.

In challenging this ruling husband cites *Schmelig Const. Co. v. Missouri State Highway Comm'n.*, 543 S.W.2d 265[3, 4] (Mo. App.1976). It does not help him. There the trial court refused to impose sanctions for failure to comply with discovery rules; on appeal the court ruled this was within the trial court's discretion.

In support of the trial court sanctions here wife relies on *Portell v. Portell*, 643 S.W.2d 18[2] (Mo.App.1982). There we upheld the trial court's order striking plaintiff's pleadings and refusing him participation in the trial; this for failure to answer interrogatories. We ruled:

"The appellant's conduct, or lack of action, readily translates into a display of contumacious and deliberate disregard for the trial court's authority... This disregard for authority served as a proper basis for the court imposed sanctions."

To the same effect see *Jewell v. Jewell*, 484 S.W.2d 668[2] (Mo.App.1972). The court ruled the appellant husband's willful failure to comply with discovery procedure warranted the default judgment against him. Doubly so here. We deny husband's first point and take up his second point contending the monetary awards were excessive.

The trial court granted wife the family home and furnishings, subject to the parties' prior deed of trust, and a 1978-model auto. The court gave wife custody of the three children and awarded her $75 a week support for each child. It also ordered husband to pay wife's attorneys $2,500 and the court costs.

Here husband contends these awards were excessive and beyond his ability to pay.

Husband bases this argument on his assertion he now is earning only $755 a month. We note that he claims to have left Missouri and moved to North Carolina "so that he could start a new life." To that end he left lucrative employment here—averaging $40,000 in the two years before leaving for North Carolina.

In his brief husband frankly concedes his past earnings are pertinent in determining the amount of child support. Indeed it is.

In *Morovitz v. Morovitz*, 633 S.W.2d 211 (Mo.App.1982), where husband as here had voluntarily reduced his earnings we ruled:

"The proper yardstick to measure the adequacy of marital allowances is the husband's capacity to pay. Both his present and past earnings are evidence of that capacity."

*Foster v. Foster*, 537 S.W.2d 833[3, 4] (Mo. App.1976) held a court could "impute an income to a husband according to what he could have earned by use of his best efforts to gain employment suitable to his capabilities."

We deny husband's challenge to contempt and the mentioned monetary allowances.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.