**Katherine L. JACKSON, Respondent,**

v.

**O. Lester JACKSON, Appellant.**

**No. 46382.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 2, 1983.

See also, Mo.App., 655 S.W.2d 786.

Joseph Pascal Sommer, St. Louis, for appellant.

Willard Dudley McCarter, St. Louis, for respondent.

CLEMENS, Senior Judge.

Respondent husband separately appeals from the trial court's order granting petitioner wife $2,500 for attorney fees and costs on appeal. He contends this is excessive in view of his present monthly $900 earnings.

Husband raised the same argument in his appeal from allowances granted wife by the original decree. We affirmed. See the case of *Katherine L. Jackson v. O. Lester Jackson,* 655 S.W.2d 786 (Mo.App.1983) recently handed down.

■ There as here husband based his argument on inadequate monthly earnings. Present earnings are but one factor in determining ability to pay allowances. As we ruled in the cited underlying case:

"We note that he claims to have left Missouri and moved to North Carolina 'so that he could start a new life'. To that end he left lucrative employment here— over $40,000 in the two years before leaving for North Carolina.

In *Morovitz v. Morovitz,* 633 S.W.2d 211 (Mo.1982), where husband as here had voluntarily reduced his earnings we ruled: 'The proper yardstick to measure the adequacy of marital allowances is the husband's capacity to pay. Both his present and past earnings are evidence of that capacity.' *Foster v. Foster,* 537 SW2d 833[3, 4] (Mo.App.1976) held a court could 'impute an income to a husband according to what he could have earned by use of his best efforts to gain employment suitable to his capabilities.'"

■ So considering husband's ability to pay we hold the present allowance for costs and counsel fees on appeal is not excessive.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.