**Vivian Jo Ann BARAC, Respondent,**

v.

**Gregory F. BARAC, Appellant.**

**No. 48244.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

John C. Maxwell, St. Charles, for appellant.

Richard D. Sabbert, St. Charles, for respondent.

CLEMENS, Senior Judge.

The 21-year marriage of Vivian and Gregory Barac was dissolved in 1981, granting her support and the two children's custody and maintenance. Then in 1983 the husband moved to modify the decree's monetary provisions contending her wages had gone up and his down. The trial court partially sustained the motion; it deleted the wife's $100 weekly support and reduced the $300 weekly child support to $200 ($868 monthly).

On appeal husband contends the evidence showed the children's monthly expenses were only $470 as against the $868 child support awarded. His calculation overlooks the wife's $1,228 other monthly expenses for the family's housing, utilities and automobile. Thus by the $868 overall monthly child support allowance the trial court considered both their itemized $470 expenses and also $398 monthly as the children's share of the overall $1,228 family housing expense.

So, we deny husband's basic contention that the $868 monthly child support allowance was not supported by the evidence. We move to his underlying contention the allowance was excessive in view of his reduced monthly income.

Before the present motion husband had earned $32,248 annually. When garnished for child support he quit and took a job paying $21,600 annually. The trial court was not bound by the lower salary in measuring husband's ability to pay.

Marital allowances rest in the trial court's discretion and will be disturbed only when clearly against the evidence. *Murray v. Murray*, 538 S.W.2d 587 [6] (Mo. App.1976). Pertinent here is *Jackson v. Jackson*, 655 S.W.2d 787 [2] (Mo.App.1983) where as here a husband voluntarily took a lower paying job. We held:

"The proper yardstick to measure the adequacy of marital allowances is the husband's capacity to pay. Both his present and past earnings are evidence of that capacity."

 Husband further contends the trial court erred in sustaining an objection during cross examination of the wife:

"Q. Do you anticipate any raises in the future?"

"A. Possibly next August."

The answer was speculative and as held in *In re Marriage of Vanet,* 544 S.W.2d 236 [3] (Mo.App.1976) the wife's alleged earning capacity was at best an illusory financial resource entitled to little if any weight.

Affirmed.

REINHARD, C.J., and CRIST, J., concur.