**Frederick J. ZAEGEL, II,
Petitioner-Respondent,**

v.

**Marie Louise ZAEGEL,
Respondent-Appellant.**

No. 48745.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Theodore S. Schechter and Frances M. Luehrman, Clayton, for respondent-appellant.

James W. Herron and Joseph J. Trad, St. Louis, for petitioner-respondent.

SNYDER, Judge.

This is a dissolution case in which the wife appeals from a temporary restraining order issued by the trial court pursuant to § 452.315 RSMo.1978.[1] The order was based on the motion of the husband to prevent the wife from interfering with the operation of Repco Printers and Lithographers, Inc., a corporation. The husband and wife each claimed ownership and control of Repco.

The temporary restraining order prohibited both parties from "transferring, encumbering, concealing, or in any way disposing of any property except in the usual course of business or for the necessities of life" and ordered each party to notify the other of any proposed extraordinary expenditures. The order also prohibited the wife from writing checks on Repco bank accounts which were ordered to be drawn on only for business purposes.

The husband raises the question of whether a temporary restraining order authorized by § 452.315.2 is a final appealable judgment. This court holds that it was not and dismisses the appeal.

The applicable part of § 452.315 provides:

2. As part of a motion for temporary maintenance or support or by independent motion accompanied by affidavit, either party may request the court to issue an order after notice and hearing:

(1) Restraining any person from transferring, encumbering, concealing, or in any way disposing of any property except in the usual course of business or for the necessities of life and, if so restraining, requiring him to notify the moving party of any proposed extraordinary expenditures and to account to the court for all extraordinary expenditures made after the order is issued;

■ The order in question here was issued pursuant to an independent motion supported by movant's affidavit. Judgments rendered for temporary maintenance and child support pursuant to § 452.315.1 and for interim attorney's fees awarded pursuant to § 452.355 are appealable judg-

---

1. All statutory references are to the Revised Statutes of Missouri 1978 unless otherwise noted.

ments. *In re Marriage of Deatherage,* 595 S.W.2d 36 (Mo.App.1980).

Whether a temporary restraining order issued in response to an independent motion as authorized by § 452.315.2 is a final appealable judgment is a question of first impression. Neither the parties nor research has disclosed a Missouri case which rules that such an order is a final appealable judgment. Conversely, there are no cases holding that such an order is not appealable.

■ Nothing in § 452.315.2 states that an order issued by authority of that section is a final judgment for purposes of appeal. "Unless specifically authorized, appeals do not lie from rulings on motions which do not involve a final disposition of the case." *Vogel v. Vogel,* 333 S.W.2d 306, 310[3] (Mo. App.1960). A temporary restraining order does not purport to pass upon the merits of a controversy and is dispositive of no issue. *State v. Kelly,* 408 S.W.2d 383, 388[5,6] (Mo.App.1966).

There are important differences between the temporary money judgments and the restraining orders authorized by the statute, the first and most obvious being that the temporary allowance awards are money judgments. Temporary restraining orders, on the other hand are authorized only to maintain the status of the parties until a final determination of their rights. Unless money judgments may be appealed, the aggrieved party is permanently harmed because he is then unconditionally liable for the payment of the judgment. The temporary restraining order merely prevents invasion of the rights of parties until final judgment.

Respondent relies on *In re Marriage of Deatherage, supra,* to assert that the temporary restraining order in question is appealable. There is language in *Deatherage* which could be construed as saying temporary restraining orders issued as authorized by § 452.315.2 are appealable.

■ If the language is so construed, however, it is dicta, because the questioned order in *Deatherage* was a maintenance and child support order, not a temporary restraining order. Orders for temporary maintenance and child support are final and appealable. *Deatherage,* 595 S.W.2d, at 37 (Mo.App.1980). *See also Tzinberg v. Tzinberg,* 631 S.W.2d 681[1] (Mo.App.1982), *Glaze v. Glaze,* 311 S.W.2d 575, 576[1] (Mo. App.1958).

■ *Deatherage* and numerous other cases hold that generally, orders made upon motions are not appealable. *See also Bayer v. Associated Underwriters, Inc.,* 402 S.W.2d 11, 12 (Mo.App.1966); *Frimel v. Humphrey,* 555 S.W.2d 350, 352 (Mo. App.1977). Temporary injunctions are interlocutory orders only, not final judgments. *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 339 (Mo.App. 1983).

Cases from other jurisdictions lend support to a ruling that a temporary restraining order under the circumstances here is not appealable. *Petrus v. Petrus,* 176 Ohio St. 305, 199 N.E.2d 579, 582[2] (1964). *Harrison v. Harrison,* 57 Nev. 369, 17 P.2d 693[2] (1933).

Most of the cases which hold that interlocutory orders in divorce proceedings are appealable are concerned with temporary allowances or attorney fees, although the Delaware Supreme Court ruled that even an order granting or refusing temporary alimony or suit expenses was not appealable in *Husband v. Wife,* 367 A.2d 636, 637[3] (Del.1976).

■ Different statutes and pleading rules are present in the cases from other jurisdictions making them difficult to compare for precedential purposes. Nonetheless, the better reasoning supports a finding that a temporary restraining order such as the trial court issued in the case under review is not a final judgment for purposes of appeal.

The appeal is dismissed.

SMITH, P.J., and SATZ, J., concur.