**Elizabeth Faye HOKE,
Petitioner-Respondent,**

v.

**Charles David HOKE,
Respondent-Appellant.**

**No. 15023.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 1987.

Larry B. Moore, Jerry L. Reynolds and Associates, P.C., Springfield, for respondent-appellant.

John S. Pratt, Pratt & Fossard, Springfield, for petitioner-respondent.

MAUS, Judge.

In this dissolution action the trial court awarded the wife temporary maintenance of $1,000 per month, temporary child support of $400 per month per child for each of three children and temporary attorney's fees of $500. The trial court also ordered the husband to pay certain debts. The husband appeals.

The order making such awards is appealable. *In re Marriage of Deatherage*, 595 S.W.2d 36 (Mo.App.1980). However, review by this court is limited by the following precepts. The factors to be considered by the trial court have been often stated. *Id.* "The trial court has broad discretion in making such temporary orders and the burden of demonstrating an abuse of such discretion is upon the complaining party." *In re Marriage of Newman*, 601 S.W.2d 632, 633 (Mo.App.1980). "It is the prerogative of the trial court to determine the credibility of the witnesses and to accept or reject all, part or none of the testimony." *Dutton v. Dutton*, 668 S.W.2d 585, 589 (Mo.App.1984). The award of the trial court is to be affirmed unless there is no

substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

The husband's sole point is that the trial court erred because there was evidence his net income was $372.50 per week and he had no other liquid assets. The husband's ability to pay is of course a relevant factor. *In re Marriage of Deatherage,* supra. However, the husband's sole point and argument ignores the evidence and the law contrary to his position.

It is not necessary to state the evidence in detail. Prior to the time the wife filed this action on June 10, 1986, the husband had diverse business interests. In a financial statement dated January 1, 1985, he estimated his net worth to be $568,983. His principal asset was an interest in a construction partnership. He stated it was a one-third interest. The partnership bookkeeper assumed it was a one-half interest. There was evidence in 1985 he received from the partnership a salary of $25,000, loans of $20,–23,000, and charges on a partnership credit card of several thousand dollars. The bookkeeper indicated the withdrawals by loans by each of the partners were for tax purposes.

The husband offered evidence of financial reverses subsequent to the date of the financial statement. He said his net salary at the time the petition was filed was $372.50 per week. He added, the partnership was in such poor financial condition it had no value and he let his partners have it. He quit his employment.

However, the husband was asked, "Okay. Isn't it true that the reason you walked away from it, or trying to walk away from it, is so that your wife won't get anything? Isn't that true?" He answered, "That's true."

Further, approximately six weeks after the initial hearing, a hearing was held upon a motion to reconsider. The sole witness was the partnership bookkeeper. His testimony included the fact the husband had resumed his employment. He also testified concerning the financial condition and net worth of the partnership.

Even if the husband's net income was $372.50 per week, error is not established. The trial court observed, "This is the first time where I have heard a man simply stand up in front of this court and say he's just going to walk away from all of his responsibilities, not going to support his children." It is axiomatic the husband could not limit his responsibilities by voluntarily limiting his work or income or giving away his assets. *In re Marriage of Jadwin,* 671 S.W.2d 9 (Mo.App.1984); *Butler v. Butler,* 562 S.W.2d 685 (Mo.App.1977); *Klinge v. Klinge,* 554 S.W.2d 474 (Mo.App. 1977). In such circumstances it is proper to impute an income to the husband. *Jackson v. Jackson,* 655 S.W.2d 787 (Mo.App. 1983). The applicable law has been succinctly declared in an excellent review of the facts involved in maintenance. Krauskopf, Maintenance: A Decade of Development, 50 Mo.L.Rev. 259 (1985). "The husband who quits or limits his work as a regular matter or in connection with the marital troubles or the dissolution proceedings receives no sympathy from the appellate courts. They hold that a person may not decline voluntarily to work and plead lack of income as a basis for shirking responsibilities to the family." *Id.* at 287–288 (footnotes omitted).

Further, there was evidence from which the trial court could find the husband owned a one-half interest in a partnership having a nine month's profit of $117,000 and a net worth of $200,000. Such an asset could be properly considered. *Moseley v. Moseley,* 642 S.W.2d 953 (Mo.App. 1982). There was substantial evidence to support the award made by the trial court. Cf. *Bull v. Bull,* 634 S.W.2d 228 (Mo.App. 1982). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.