**In re the Marriage of Patricia K. CERNUTO, Respondent,**

v.

**Philip J. CERNUTO, Appellant.**

No. 55816.

Missouri Court of Appeals, Eastern District, Division One.

July 18, 1989.

Chester A. Love, Jr., Daniel P. Card, Bryan L. Hettenbach, Clayton, for appellant.

Robert A. Hutton, Jr., St. Louis, for respondent.

CRIST, Judge.

Husband appeals the trial court's order awarding temporary custody of the parties' minor children and child support to wife and granting a temporary restraining order restricting husband from the marital home. We affirm.

Husband and wife were married on October 25, 1980. Two children were born of the marriage: one born November 3, 1981; the other born February 11, 1985. Throughout the marriage, husband and wife resided together in the marital home; husband as the primary wage earner, wife as the primary homemaker. Husband continues to work as Director of Human Resources for Angelica Health Care Services. Since the parties' separation, wife has been working as a secretary at Joe Hood's Services.

Wife filed for dissolution of the marriage on September 2, 1988. On that same day, wife filed a *pendente lite motion* for temporary custody, child support, maintenance, temporary restraining order, costs and attorney's fees. Husband subsequently filed his counter motion for temporary custody and temporary restraining order on October 7, 1988.

Both parties' motions were heard on October 13, 1988, in a consolidated hearing. Evidence at trial revealed and wife admitted to several extra marital affairs during the latter part of the parties' marriage. The trial court awarded temporary custody and child support in the amount of $200 per month per child to be paid to wife and granted a temporary restraining order restricting husband from the marital home. Additionally, husband was ordered to pay as additional child support the mortgage and taxes on the marital home. The trial court, in its order, provided in pertinent part:

> [T]he Court notes, and is not unmindful of petitioner's [wife's] marital misconduct. Were the Court not obligated to follow the appellate decisions of this state, the Court would place the children of the marriage in respondent [husband] until further Orders are made. The Court believes that petitioner's misconduct has been patently destructive of the marital relationship, and believes that even though the misconduct did not occur in the presence of the children, there is real and substantial harm to the children in situations as appear in this record. Such is not the state of the law; however, and the court may not impose a personal standard of conduct on the parties.

On October 24, 1988, husband motioned to amend judgment and in the alternative motion for new trial. This motion was heard on November 21, 1988. The trial court overruled husband's motion. Its order stated in pertinent part:

> [T]he Court is persuaded that petitioner's [wife's] misconduct is but one factor to have been considered in the decision regarding child custody; the Court was persuaded, and remains persuaded that petitioner is the fit, proper person to have custody of the minor children.

On appeal, husband alleges the trial court erroneously declared and applied the law by awarding temporary custody, and child support to wife, and in ordering husband to vacate the marital home where the trial court made a specific finding wife's marital misconduct constituted a real and substantial harm to the children and the trial court would place the children with husband but for the trial court's belief the appellate decisions of this state require custody be awarded to wife. Husband also argues there was insubstantial evidence in the record to support the award of custody to wife.

At trial, wife admitted she had numerous extramarital affairs during the last year

and a half of the parties' marriage. However, despite this, there was ample evidence to support the trial court's order.

Testimony revealed wife was the primary care taker, took part in the children's schooling by volunteering as a teacher's helper and participating in the children's school fund raisers. Additional testimony revealed husband frequently lost his temper with the children, made degrading comments to them and was a severe disciplinarian. There was evidence which indicated husband was unsympathetic to the children's needs by failing to provide proper clothing, adequate medical attention and failing to keep the home's thermostat at a reasonable temperature.

In its order, the trial court stated although wife's marital misconduct did not occur in the presence of the children, there is a real and substantial harm to the children in such situations. However, the trial court further stated a personal standard of conduct would not be imposed on the parties. Moreover, in its further order, the trial court clearly indicated wife is the "fit, proper person to have custody of the minor children."

The trial court has broad discretion in making such temporary orders and the burden of demonstrating an abuse of discretion is upon the complaining party. *Hoke v. Hoke*, 737 S.W.2d 497 (Mo.App.1980). The award of the trial court is to be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares or applies the law. *Id.* Here, the trial court's order is clearly supported by substantial evidence and does not erroneously declare or apply the law.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.